**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARC BOSHNACK, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>WIDOW JANE DISTILLERIES LLC,<br>　　　　　　　　　　　Defendant. | **CASE NO.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Marc Boshnack ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Defendant Widow Jane Distilleries LLC (hereinafter "Defendant").

**NATURE OF THE ACTION**

1. This is a class action lawsuit on behalf of purchasers of Widow Jane bourbon ("Widow Jane" or the "Product") in the United States.

2. Defendant deceptively markets the Product in order to trick consumers into believing that its bourbon is a product of New York when in fact the distillery, which is located in Brooklyn, does not make the Product, but rather purchases barrels of the bourbon from a distillery in Kentucky.

3. Everything about this Product's marketing is deceptive, starting with the name "Widow Jane." In 2017, the Product's label represented that it was made with "pure limestone mineral water from the Widow Jane Mine – Rosendale, NY":

1



4. In response to this, however, the Board of Trustees of the Century House Historical Society ("CHHS")—the owners and custodians of the Widow Jane Mine on the Snyder Estate in Rosendale—released a public comment refuting Defendant's representation that Widow Jane bourbon is made with water from the Widow Jane Mine (emphasis added):

> The label of the whiskey states "Pure Limestone Mineral Water from The Widow Jane Mine Rosendale NY".  This is likely why The Blue Stone Press and its readers took an interest in the product.  **However, as the owner and custodians of the Widow Jane Mine on the Snyder Estate in Rosendale, we wanted to let the readership know that water was not supplied by the historical society from the Widow Jane Mine for this endeavor.**  We've had members tell us they've purchased the whiskey, thinking that Century House got a portion of the proceeds from

the use of the Widow Jane Mine name, or because Mr. Preston claims that the water used in making the whiskey is from the Widow Jane Mine. **Indeed, the historical society has no commercial relationship with Mr. Preston and his manufacture of Widow Jane whiskey**, and CHHS does not benefit in any way from the sales of this product. **Visitors to CHHS have also been under the mistaken impression that the whiskey is made locally, but it is not.**[1]

5. Notably, this Product is not actually distilled with water from New York at all. It was distilled from Kentucky water in the state of Kentucky and New York water was added to the finished product after it was aged and removed from the barrels before bottling.

6. Defendant's reference to use of "pure limestone mineral water" from New York is particularly confusing to consumers in the context of bourbon. That is because limestone water has unique properties which makes it ideal for distillation. However, limestone water adds no benefit when it is simply added to the bourbon after distillation has already taken place, as it was here with Widow Jane bourbon.

7. Indeed, it is only after the barrels of Widow Jane arrive in New York – after distillation has already taken place – that limestone water added to the bourbon. The simple addition of limestone water to Widow Jane after it has already been distilled in Kentucky is meaningless and inconsequential.

8. Moreover, contrary to the Product's labeling, the water added to Widow Jane is not "from the Widow Jane Mine." That is just false marketing.

9. In 2018, Defendant made a label change. Defendant kept calling the Product "Widow Jane" even though the Widow Jane Mine explicitly stated that it was not sourcing the limestone water used for this Product.

---

[1] http://bluestonepress.net/stories/widow-jane-local-bourbon-whiskey,363 (last visited April 30, 2019) (emphasis added).

10. But now, however, Defendant vaguely states that "pure limestone mineral water" comes "from the legendary Rosendale Mines of NY." Defendant also added a deceptive vignette to the back of the Product's labeling, stating that it was "hand assembled in Brooklyn." Of course, that is not true.





11.    The same appears on Defendant's website:



12. But the Product does not come from Brooklyn, it comes from Kentucky.

13. Plaintiff is not alone in his belief that Widow Jane bourbon was distilled in Brooklyn from limestone water from the Widow Jane Mine in Rosendale, NY.

14. In fact, U.S. Senator Charles Schumer brought Widow Jane bourbon as a gift to U.S. Senator Mitch McConnell when he visited Kentucky. Senator Schumer stated, "Widow Jane is distilled right around the corner from the apartment where my wife, Iris, and I have lived for more than 30 years. It's filtered through the same limestone that was used to build some of New York's iconic structures, from the Brooklyn Bridge to the Statue of Liberty."

15. It is highly ironic that Senator Schumer unknowingly gifted a bottle of bourbon to Senator McConnell that actually haled from Senator McConnell's home state, not Senator Schumer's.

16. Evidence of widespread consumer belief that Widow Jane bourbon comes from New York is clear from the claims of major retailers that sell the Product.

17. For instance, totalwines.com represents that the Product is from New York:



18. A similar representation appears on BottleKing.com:

7



19. The same is true of AstorWines.com:



20.     This sort of deception could not have occurred by happenstance.

21.     Defendant's Product is deceiving consumers so much so that NBC News published an article titled "Behind the misleading claims fueling America's bourbon boom," which featured Widow Jane.[2]  The article examines the claims that Defendant makes on its website and product labeling and reveals that "it isn't exactly true."  "Widow Jane doesn't actually distill its most well-known product at all.  Instead, they buy it in bulk from a distiller in Kentucky.  <u>And the special water they highlight on every bottle, in countless interviews and on all their marketing materials – it doesn't come from the actual Widow Jane Mine itself, just from nearby</u>, sources told NBC News." (emphasis added).

22.     Defendant is undoubtedly aware of the consumer confusion caused by Widow Jane's labeling claims because the NBC News article even quotes "Widow Jane's VP of Operations Michele Clark."  According to the article, Michele Clark disputes the CHHS' assertion that they have no connection whatsoever to Widow Jane Bourbon, stating instead that "the company has access to a 'closed portion' of the mine, rather than … the open area of the mine under the purview of the historical society."[3]

23.     And Widow Jane bourbon is sold at a significant price premium compared with 10-year-aged bourbons from three of the top Kentucky distilleries:

| Name | Distillery | State of Distillation | Proof | Volume | Retailer | Price |
|---|---|---|---|---|---|---|
| Widow Jane | Widow Jane Distillery | NY | 91 | 750 mL | Total Wine | $71.99 |
| Russell's Reserve | Wild Turkey Distilling Co. | KY | 90 | 750 mL | Total Wine | $34.49 |

---

[2] https://www.nbcnews.com/news/us-news/behind-misleading-claims-fueling-america-s-bourbon-boom-n879651

[3] *Id.*

9

| Henry McKenna | Heaven Hill Distillery | KY | 100 | 750 mL | Total Wine | $38.99 |
| Eagle Rare | Buffalo Trace Distillery | KY | 90 | 750 mL | Total Wine | $31.99 |

24. As the chart above shows, Widow Jane's price is exorbitantly higher than its Kentucky counterparts due to Defendant's false and misleading marketing.

25. Plaintiff is a purchaser of Widow Jane bourbon who asserts claims on behalf of himself and similarly situated purchasers of Widow Jane bourbon for violations of the consumer protection laws of New York, unjust enrichment, breach of express warranty, violation of the Magnuson-Moss Warranty Act and fraud.

**PARTIES**

26. Plaintiff Marc Boshnack is a citizen of New York who resides in Staten Island, New York. Mr. Boshnack purchased Widow Jane from New York Wine Exchange in New York, New York, in or about January 2018 for approximately $85. Prior to purchase, Mr. Boshnack carefully read the Widow Jane bottle's labeling, including the representation that it contained "pure limestone mineral water from the Widow Jane Mine – Rosendale, NY." Mr. Boshnack believed this statement to mean that Widow Jane bourbon contained pure limestone mineral water from the Widow Jane Mine and that it was made in New York, and he relied on this deceptive marketing in that he would not have purchased Widow Jane at all, or would have only been willing to pay a substantially reduced price for Widow Jane, had he known that this representation was false and misleading.

27. Defendant Widow Jane Distilleries LLC is a Delaware limited liability with a principal place of business at 160 Coffey Street, Brooklyn, NY 11231. Widow Jane Distilleries LLC is responsible for the manufacture, promotion, sales, and marketing of Widow Jane bourbon

10

in the United States. Widow Jane Distilleries LLC authorizes the false and misleading representation about Widow Jane through its officers, directors, and agents.

## JURISDICTION AND VENUE

28. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

29. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff is a citizen of New York, purchased Widow Jane in this District, and Defendant distributes, advertises, and sells Widow Jane, which is the subject of the present complaint, in this District.

30. All conditions precedent necessary for filing this Complaint have been satisfied and/or such conditions have been waived by the conduct of the Defendant.

## CLASS REPRESENTATION ALLEGATIONS

31. Mr. Boshnack seeks to represent a class defined as all persons in the United States who purchased Widow Jane (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

32. Mr. Boshnack also seeks to represent a subclass defined as all Class members who purchased Widow Jane in New York (the "Subclass").

33. Members of the Class and Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Subclass number in the hundreds of thousands. The precise number of Class members and their identities are

11

unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

34. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendant's labeling, marketing and promotion of Widow Jane is false and misleading.

35. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading marketing and promotional materials and representations, purchased Widow Jane, and suffered a loss as a result of that purchase.

36. Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

37. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single

adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

38. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

39. Plaintiff brings this claim individually and on behalf of members of the Subclass against Defendant.

40. By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by making false representations on the labels of Widow Jane.

41. The foregoing deceptive acts and practices were directed at consumers.

42. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and composition of Defendant's Product.

43. Plaintiff and members of the Subclass were injured as a result because (a) they would not have purchased Widow Jane if they had known that Widow Jane was not made in New York and with "pure limestone mineral water from the Widow Jane Mine," and (b) they overpaid for Widow Jane because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

44. On behalf of himself and other members of the Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT II
### False Advertising, New York Gen. Bus. Law § 350

45.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

46.     Plaintiff brings this claim individually and on behalf of members of the Subclass against Defendant.

47.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the nature and composition of the Product on the labeling of Widow Jane.

48.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

49.     This misrepresentation has resulted in consumer injury or harm to the public interest.

50.     As a result of this misrepresentation, Plaintiff and members of the Subclass have suffered economic injury because (a) they would not have purchased Widow Jane if they had known that Widow Jane was not made in New York and with "pure limestone mineral water from the Widow Jane Mine," and (b) they overpaid for Widow Jane because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

51.     On behalf of himself and other members of the Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT III
### Unjust Enrichment

52.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

53.     Plaintiff brings this claim individually and on behalf of members of the Class and Subclass against Defendant.

54.     Plaintiff and Class members conferred benefits on Defendant by purchasing Widow Jane.

55.     Defendant has knowledge of such benefits.

56.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of Widow Jane.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that Widow Jane was made in New York and with "pure limestone mineral water from the Widow Jane Mine," when in fact it was not.

57.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT IV
### Breach of Express Warranty

58.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

59.     Plaintiff brings this claim individually and on behalf of members of the Class and Subclass against Defendant.

15

60. In connection with the sale of Widow Jane, Defendant, as the designers, manufacturers, marketers, distributors, and/or sellers issued written warranties by representing that Widow Jane was made with "pure limestone mineral water from the Widow Jane Mine."

61. In fact, Widow Jane does not conform to the above-referenced representations because Widow Jane is not made in New York and does not use any limestone mineral water from the Widow Jane Mine.

62. Plaintiff and Class members were injured as a direct and proximate result of Defendant's breach because (a) they would not have purchased Widow Jane if they had known that Widow Jane was not made in New York and with "pure limestone mineral water from the Widow Jane Mine," and (b) they overpaid for Widow Jane because it is sold at a price premium when compared to similar products that do not contain this misrepresentation.

## COUNT V
### Fraud

63. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

64. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

65. As discussed above, Defendant misrepresented on Widow Jane's labeling that it was made in New York and with "pure limestone mineral water from the Widow Jane Mine."

66. The false and misleading representations and omissions were made with knowledge of their falsehood.

67. The false and misleading representations and omissions were made by Defendant, upon which Plaintiff and members of the proposed Class and Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the proposed Class and Subclass to purchase Widow Jane.

16

68. The fraudulent actions of Defendant caused damage to Plaintiff and members of the proposed Class and Subclass, who are entitled to damages and other legal and equitable relief as a result.

## RELIEF DEMANDED

69. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

   a. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

   b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

   c. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

   d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

   e. For prejudgment interest on all amounts awarded;

   f. For an order of restitution and all other forms of equitable monetary relief;

   g. For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

   h. For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.


Dated: September 23, 2019            Respectfully submitted,

                                     **BURSOR & FISHER, P.A.**

                                     By:  /s/ *Yitzchak Kopel*

17

Yitzchak Kopel

Scott A. Bursor
Yitzchak Kopel
Alec M. Leslie
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail:  scott@bursor.com
         ykopel@bursor.com
         aleslie@bursor.com

*Attorneys for Plaintiff*