```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
 MARC BOSHNACK, on behalf of himself   :
 and all others similarly situated,    :
                                       :       19cv8812 (DLC)
                        Plaintiff,     :
                                       :       OPINION AND ORDER
             -v-                       :
                                       :
 WIDOW JANE DISTILLERIES LLC,          :
                                       :
                        Defendant.     :
                                       :
-------------------------------------- X
```

APPEARANCES

For the plaintiff:
Bursor & Fisher, P.A.
Scott A. Bursor
Yitzchak Kopel
Alec M. Leslie
888 Seventh Avenue
New York, NY 10019

For the defendant:
BraunHagey & Borden LLP
J. Noah Hagey
Matthew Borden
David H. Kwasniewski
7 Times Square, 27th Floor
New York, NY 10036

DENISE COTE, District Judge:

    Marc Boshnack brings this putative class action against Widow Jane Distilleries LLC, which sells Widow Jane bourbon ("Widow Jane"). Boshnack alleges that Widow Jane's labeling misled consumers, in violation of N.Y. General Business Law ("GBL") §§ 349-50. The Complaint also contains common-law

claims for unjust enrichment, breach of express warranty, and fraud.  Defendant has moved to dismiss the Complaint for failure to state a claim upon which relief can be granted.  Defendant's motion is granted.

## Background

The following facts are drawn from the Complaint, unless otherwise noted, and are assumed to be true for the purpose of addressing this motion.  Plaintiff alleges that Widow Jane's labeling was misleading in three ways.  First, plaintiff contends that the labeling was misleading as to the state in which Widow Jane was distilled.  Second, he contends that the labeling was misleading concerning the manner in which limestone mineral water was used in Widow Jane's production.  And third, plaintiff contends that the labeling was misleading as to the location from which that water was sourced.

The Widow Jane label was updated during 2018. Prior to the update, the front of the Widow Jane label contained two relevant phrases: (1) "Kentucky Bourbon Whiskey Aged 7 Years In American Oak" and (2) "Pure Limestone Mineral Water From the Widow Jane Mine - Rosendale, NY."  The full pre-update front label is depicted below.

Figure 1: Widow Jane Pre-Update Label



Plaintiff did not include Widow Jane's pre-update back label in the Complaint.

Bourbon is distilled from a fermented mash of grain, yeast, and water.[1] The Widow Jane bearing the above label was distilled in Kentucky, using water from Kentucky -- not water from New

---

[1] See generally Bourbon Country, What Is Bourbon? (last visited June 2, 2020), https://www.bourboncountry.com/all-about-bourbon/what-is-bourbon.

York.  The limestone mineral water was added to Widow Jane after the Kentucky bourbon arrived in New York for bottling. Plaintiff alleges that limestone water has "unique properties which makes it ideal for distillation" but that adding limestone water to bourbon after distillation is "meaningless and inconsequential."  In addition, the limestone water used in Widow Jane does not actually come from the Widow Jane Mine, just from a source nearby.

After the 2018 update, the Widow Jane labels contained the following relevant phrases: (1) "Pure Limestone Mineral Water From the Legendary Rosendale Mines of NY," (2) "Hand assembled in Brooklyn using the richest and rarest straight bourbons . . . non-chill filtered & proofed with our own mineral water from the legendary Rosendale Mines of NY,"[2] and (3) "KY, TN, IN Bourbon Bottled by Widow Jane Distillery Brooklyn, NY."  The post-update labels are reproduced below.

---

[2] "Proofing" refers to a process in which whiskey is diluted with water to the level of alcohol by volume at which the producer intends to sell the final product.  See generally Jake Emen, The Art and Science of Proofing Whiskey, Distiller Blog (Feb. 6, 2020), https://blog.distiller.com/proofing-whiskey.

4

Figure 2: Post-Update Front Label



Figure 3: Post-Update Back Label



Boshnack alleges that he purchased a bottle of Widow Jane in January 2018 for approximately $85.  The bottle apparently

5

bore the pre-update labels, as they contained the statement "Pure Limestone Mineral Water From the Widow Jane Mine - Rosendale, NY."  Boshnack asserts that he understood this statement to mean that Widow Jane was distilled in New York using water from the Widow Jane Mine.

Boshnack filed this action on September 23, 2019, seeking to represent a class of consumers who purchased Widow Jane.  On December 13, defendant moved to dismiss the Complaint.  That motion became fully submitted on January 31, 2020.  On April 23, the case was reassigned to this Court.

## Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Geffner v. Coca-Cola Co., 928 F.3d 198, 199 (2d Cir. 2019) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Charles v. Orange Cty., 925 F.3d 73, 81 (2d Cir. 2019) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Empire Merchs., LLC v. Reliable Churchill LLLP, 902 F.3d 132, 139 (2d Cir. 2018).  The plaintiff must plead enough

facts to "nudge[] [his] claims across the line from conceivable to plausible."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

When a party moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P., a court must "constru[e] the complaint liberally, accept[] all factual allegations as true, and draw[] all reasonable inferences in the plaintiff's favor."  Coal. for Competitive Elec. v. Zibelman, 906 F.3d 41, 48-49 (2d Cir. 2018) (citation omitted).  But, "allegations that are conclusory are not entitled to be assumed true."  Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020) (citation omitted).  In a case alleging deceptive advertising, a court may consider the full content of the relevant advertisement even if not contained in plaintiff's complaint.  Fink v. Time Warner Cable, 714 F.3d 739, 741-42 (2d Cir. 2013).

I.  New York General Business Law §§ 349 and 350

   A.  Applicable Law

Section 349 of the GBL prohibits "[d]eceptive acts or practices in the conduct of any business . . . or in the furnishing of any service in this state."  N.Y. Gen. Bus. Law § 349(a).  To state a claim for deceptive practices under Section 349, a plaintiff must plead that:  (1) The defendant engaged in

7

a consumer-oriented act, (2) the consumer-oriented act was misleading in a material way, and (3) the plaintiff consequently suffered injury.  Chen v. Dunkin' Brands, Inc., 954 F.3d 492, 500 (2d Cir. 2020); Stutman v. Chem. Bank, 731 N.E.2d 608, 611 (N.Y. 2000).  Section 350 of the GBL prohibits false advertising, which is defined as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect."  N.Y. Gen. Bus. Law §§ 350 to 350-a.

To state a claim under either section, "[A] plaintiff must plausibly allege that the deceptive conduct was likely to mislead a reasonable consumer acting reasonably under the circumstances."  Mantikas v. Kellogg Co., 910 F.3d 633, 636 (2d Cir. 2018) (citation omitted); see also Chen, 954 F.3d at 500.  In evaluating whether a particular advertisement was misleading, courts "consider the challenged advertisement as a whole, including disclaimers and qualifying language."  Mantikas, 910 F.3d at 636 (citation omitted).  "[U]nder certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception."  Id. (citation omitted).  "[I]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."  Chen, 954 F.3d at 500 (citation omitted).

B. Application

Plaintiff has not plausibly alleged that a reasonable consumer would have been misled by Widow Jane's labeling. Plaintiff's theory that the labels misleadingly suggested that Widow Jane was distilled in New York is belied by the text of the labels. The pre-update label described Widow Jane as "Kentucky Bourbon Whiskey."[3] A reasonable consumer would not conclude that a product bearing such a label was distilled in New York.

Plaintiff's second theory -- that the labels were misleading concerning the manner in which limestone water was used in Widow Jane -- is no more persuasive. Plaintiff contends that the label misleadingly suggested that New York mineral water was used in the distillation of the Kentucky whiskey. The Widow Jane that Boshnack purchased was labeled not only with the prominent display of the words "Kentucky Bourbon Whiskey," but also with the phrase "Pure Limestone Mineral Water From the Widow Jane Mine - Rosendale, NY." Nowhere did the label assert that such water was used in the distillation of Widow Jane. The Complaint alleges that Boshnack interpreted the label "to mean

---

[3] Since Boshnack alleges only that he purchased Widow Jane bearing the pre-update labels, it is unnecessary to address the post-update labels. But they likewise disclosed that Widow Jane contained bourbon from Kentucky, Tennessee, or Indiana.

that Widow Jane bourbon contained pure limestone mineral water from the Widow Jane Mine and that it was made in New York." But -- as the Complaint itself acknowledges -- Widow Jane <u>did</u> contain limestone mineral water from New York, and it was bottled in New York.

    That leaves only plaintiff's third theory, that the label was misleading as to the source of the mineral water, which in fact came not from the Widow Jane Mine but from a nearby location. While the pre-update label's reference to "Water From the Widow Jane Mine" was misleading, it was not misleading "in a material way," as is required for liability under GBL §§ 349-50. The Complaint contains no allegations that explain why a reasonable consumer would consider it material that the limestone water came from within the Widow Jane Mine boundaries rather than from another nearby source. In fact, plaintiff alleges that the addition of post-distillation limestone water was "meaningless and inconsequential."[4] There is thus no reason to think that the precise source of such limestone water would

---

[4] In addition, the Complaint alleges that Widow Jane continued to be sold at a significant price premium even under the post-update labels. And the updated labels state simply that the limestone water comes "from the legendary Rosendale mines of NY," which the plaintiff has not argued is inaccurate. This suggests that removal of the indication that the water came from the Widow Jane Mine was not material to the bourbon-consuming public.

be material.  Accordingly, plaintiff has not stated a claim under GBL §§ 349-50.

II.  Plaintiff's Common-Law Claims

Plaintiff has likewise failed to plausibly plead an essential element of each of his common-law claims.[5]  A claim for fraud under New York law requires proof of plaintiff's "justifiable reliance" on the defendant's misrepresentation. Loreley Fin. (Jersey) No.3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 170 (2d Cir. 2015); Ambac Assurance Co. v. Countrywide Home Loans, Inc., 106 N.E.3d 1176, 1182 (N.Y. 2018).[6]  A claim

---

[5] Having so concluded, it is unnecessary to reach the further arguments raised by the defendant in support of dismissal.  It should be noted, however, that there is no subject matter jurisdiction over the claim for injunctive relief.  The plaintiff has not plausibly alleged that he is "likely to be harmed again in the future in a similar way." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 239 (2d Cir. 2016).  The plaintiff makes no attempt to allege that he will purchase Widow Jane in the future, much less that he would be misled by Widow Jane's current labeling.

[6] The parties have not addressed choice of law.  As a New York federal court sitting in diversity jurisdiction, this Court applies the choice of law rules of New York.  See Cap Gemini Ernst & Young, U.S., LLC v. Nackel, 346 F.3d 360, 365 (2d Cir. 2003).  "In contract cases, New York courts apply the 'center of gravity' or 'grouping of contacts' choice of law theory." Fin. One Pub. Co. v. Lehman Bros. Special Fin., 414 F.3d 325, 336 (2d Cir. 2005) (citation omitted).  In tort cases, New York courts apply "the law of the jurisdiction having the greatest interest in the litigation." White Plains Coat & Apron Co., Inc. v. Cintas Corp., 460 F.3d 281, 284 (2d Cir. 2006) (citation omitted).  Under either standard, that state is New York: Plaintiff's purchase occurred in New York, and both parties are New York citizens.

11

for unjust enrichment requires proof "that it is against equity and good conscience to permit defendant to retain what is sought to be recovered." Kaplan v. Reed Smith LLP, 919 F.3d 154, 160 (2d Cir. 2019) (citation omitted). For the reasons described above, plaintiff has not plausibly pleaded that Widow Jane's labeling was materially misleading. Accordingly, plaintiff has not adequately pleaded justifiable reliance or that it would be inequitable to allow defendant to retain its profits.

A claim for breach of express warranty requires breach of a promise concerning the goods that was "part of the basis of the bargain." N.Y. U.C.C. Law § 2-313; see also Rogath v. Siebenmann, 129 F.3d 261, 264 (2d Cir. 1997). Plaintiff alleges that defendant breached warranties that Widow Jane (1) was made in New York and (2) was made with limestone mineral water from the Widow Jane Mine. As discussed above, the Complaint acknowledges that Widow Jane is in fact bottled in New York, and the label does not represent that it was distilled in New York. As to the second alleged warranty, plaintiff has not plausibly alleged that it was a basis of the bargain that the water come from the Widow Jane Mine itself rather than nearby. The Complaint's bald assertion that Boshnack would not have purchased Widow Jane but for the representation that the water came from the Widow Jane Mine is insufficient to save the claim.

12

## **Conclusion**

Defendant's December 13, 2019 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendant and close the action.


Dated:   New York, New York
         June 4, 2020

                              _____
                                    DENISE COTE
                              United States District Judge